FILED

JUN 11 2020

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHEL BROWN, | CV 18–93–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| PAUL REES, M.D., | |
| Defendant. | |

Anthel Brown sued Paul Rees, M.D., pursuant to 28 U.S.C. § 1983, alleging that Rees violated his Eighth Amendment right by failing to provide effective medical treatment. (Doc. 1 at 3–5.) Rees moved for summary judgment, arguing that the undisputed facts demonstrate, *inter alia*, that his response to Brown's medical need was not "deliberately indifferent." (Docs. 40; 42 at 9.) Rather, Rees contended, the facts show that Brown simply disagreed with Rees' prescribing decisions—a disagreement that fails to constitute an Eighth Amendment violation. (Doc. 42 at 13.)

Now before the Court is the Findings and Recommendations of United States Magistrate Judge John Johnston. (Doc. 51.) Agreeing with Rees that an absence of evidence exists to support the "deliberate indifference" required to

-1-

support Brown's constitutional claim, Judge Johnston recommends granting Rees' motion for summary judgment and dismissing this matter. (*Id.*) Brown timely objected to the Findings and Recommendations (Doc. 52), and Rees filed a response brief (Doc. 53).

Brown is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

The Court will not reiterate the factual background here. Judge Johnston thoroughly summarized the relevant facts in his Findings and Recommendations by relying primarily on Rees' Statement of Undisputed Facts. (*See* Doc. 51 at 4–24; *see also* Doc. 40.) Brown failed to file a responsive Statement of Disputed Facts, as required by the Local Rules. Nevertheless, Judge Johnston acknowledged in his factual summary the points at which Rees' Statement of Undisputed Facts diverged from the version of events represented in Brown's

brief. (*See, e.g.*, Doc. 51 at 6 (noting Brown's contention that Rees mischaracterizes the extent of Brown's self-reported drug use); Doc. 51 at 7 (stating that Brown argues that no urinalysis would support an inference of his in-custody drug use); Doc. 51 at 13 n.2 (highlighting Brown's position that his purported drug activity is unsupported).) For his part, Brown lodges no objection to Judge Johnston's review of the facts, and, for the Court's part, it finds no error.

Instead, Brown first objects to Judge Johnston's Findings and Recommendations by accusing the Magistrate Judge of bias for allowing Rees to engage in character assassination and Health Insurance Portability and Accountability Act ("HIPPA") violations. (Doc. 52 at 1–2.) However, judicial bias is evidenced neither by Brown's newfound HIPPA violation allegation nor Rees' purported lies about Brown's in-custody drug use. *See Greenway v. Schiriro*, 653 F.3d 790, 806 (9th Cir. 2011) (explaining that a showing of judicial bias requires facts sufficient to create actual impropriety or an appearance of impropriety). In other words, while Brown bridles at Rees' factual account and argument, he advances no facts sufficient to show actual or apparent impropriety on the part of Judge Johnston in his review of the case. Considering this objection de novo, the Court finds no evidence of judicial bias.

Next, Brown argues that "volumes of evidence and statements" by other

-3-

doctors raise a material factual dispute that precludes summary judgment. (Doc. 52 at 3.) Brown fails to point the Court to any portion of the Findings and Recommendations where Judge Johnston ignored the accounts of other doctors, nor does he contend that another portion of the record contains such materials. (*Id.*) Furthermore, even if Brown *did* point to a specific doctor who would approach his treatment differently than Rees did, "[a] difference of opinion does not amount to a deliberate indifference to [his] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Reviewing de novo, the Court finds no error in Judge Johnston's accounting of the opinions of the various medical providers involved in Brown's treatment, nor in his legal conclusions.

Brown goes on to misallocate the respective burdens the parties bear at the summary judgment phase before spring-boarding into an objection that Judge Johnston improperly chose Rees' version of events over his. (Doc. 52 at 3.) He focuses here, apparently, on Rees' averment in his sworn affidavit that Brown reported to Rees that he, Brown, "had a history of heroin use, which amplified [Rees'] concerns regarding the long-term continuation of his medication regimen." (Doc. 41-5 at 5.) However, while Judge Johnston indeed referenced Rees' understanding—accurate or not—of Brown's self-reported drug use in his summary of the facts, his ultimate analysis on the issue of deliberate indifference

was not reliant on that fact. That is, Judge Johnston looked to Rees' testimony explaining his rationale for changing Brown's medication, which was not based on Brown's alleged prior drug use, but on Rees' opinion that consistent use of opioid medication for chronic non-malignant pain is ineffective and harmful to patients. (Doc. 51 at 28.) In response, Brown presented no evidence to show that Rees' alternative course of treatment was medically unacceptable under the circumstances and chosen in conscious disregard of risks to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

Therefore, the Court disagrees that the "proof evolve[d] to one defendants (sic) word over the dependability of his lawful accuser." (Doc. 52 at 4.) Instead, after Rees attested to his rationale for changing the course of Brown's treatment, the burden shifted to Brown to establish the existence of a genuine issue of material fact—a burden he did not bear. Reviewing this objection de novo, the Court finds no error.

Brown's next objection regarding qualified immunity is inapposite. Rees argued that qualified immunity applies as as an alternate route to summary judgment in his favor. (Doc. 42 at 21–24.) However, because he determined as a threshold matter that Brown failed to maintain a viable Eighth Amendment claim, Judge Johnston never reached the question of qualified immunity, and

neither will this Court.

Brown goes on to assert that Rees plays "fast and loose with the facts" about a 2017 steroid injection that, according to Rees, improved Brown's pain. (Docs. 52 at 5; 41-5 at 9.) Brown offers no explanation or supporting documentation as to why Rees' testimony on this point amounts to fast and loose play, but instead provides a non sequitur that he would never tell Rees that he was "some kind of [h]eroin drug lord." (Doc. 52 at 5.) Reviewing de novo, the Court finds nothing in this objection raises a factual dispute that would undermine Judge Johnston's legal analysis.

Likewise, the Brown's speculation that various forms are missing from his medical records fails to convince the Court that Judge Johnston's legal analysis—that no factual dispute exist as to the necessary "deliberate indifference" element—is erroneous. (*Id.*) Similarly, Brown's unsupported disagreement with Rees' approach to "drug holidays" fails to raise a genuine factual dispute to preclude summary judgment. (*Id.* at 6.)

In sum, after reviewing the Findings and Recommendations de novo where Brown specifically objects and for clear error where he does not, the Court finds no error in Judge Johnston's factual findings or legal analysis.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 51) is ADOPTED IN FULL. IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of Defendant Rees and against Plaintiff Brown and close this case. Finally, IT IS ORDERED that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 11th day of June, 2020.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court